LYMAN H. FELTON *v.* BURT CHELLIS ET AL.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 17, 1908.

*Equity—Specific Performance—Fraud — Presumptions — Master's Report—Question for Master—Landlord and Tenant—Lease—Option ,to Purchase—Election — Evidence—Sufficiency—Estoppel—Acquiescence—What Constitutes.*

In a suit in equity by the lessee of a sawmill to restrain the lessor from prosecuting an action at law for the rent, because of the lessor's alleged fraudulent representations in making the contract of rental, the rejection of the master's affirmative finding that there was no such fraud would not change the effect of his report, since without an express finding of fraud, or the finding of facts amounting to fraud, the presumption would be that there was no fraud, and the burden on that issue was on the orator.

In a suit in equity to restrain an action at law for the rent of a sawmill, evidence examined, and *held* to sustain the master's findings that there was no fraud on the lessor's part in making the contract

of rental; that the lessee had every opportunity to inspect the mill, both before and after the contract was made; and that he accepted the property with full knowledge of its condition.

Acquiescence is a fact, and, if it is to be inferred from other facts, the trier must draw the inference.

A failure to assert a right may be evidence of an acquiescence in a claim inconsistent therewith, but does not, in itself, constitute acquiescence.

In a suit in equity by the lessee of a sawmill to restrain the lessor from prosecuting an action at law for the rent, and to compel the specific performance of a stipulation to sell, whether defendant extended the contract of rental by acquiescence so as to entitle the orator to purchase the mill, under a stipulation in the contract that he might do so at any time during its continuance, *held*, under the evidence, a question for the master.

Where a sawmill was leased under a contract requiring the lessee therewith to saw at least a specified amount of lumber in one year from date and pay a stipulated rent by the end of the year, regardless of whether the lumber was sawed, with the privilege of keeping the mill a second year on the same terms, and the right to purchase it at such a price at any time during the sawing of the lumber, an action of book account for the rent, brought by the lessor after the expiration of the second year, the lessee having paid no rent during the two years, was not, of itself, an election to allow the lessee to retain the mill a third year, merely because in that action the rent could have been recovered to the time of the hearing, where nothing was done in the suit to claim more than two years' rent, and the lessor supposed that the action was general assumpsit and that he could recover damages only to the date of the writ.

The lessee's option to purchase the mill at any time during the sawing of the lumber, referred to the sawing that he was required to do during the first year, and his failure to saw the required quantity during that year did not operate to enlarge the option, so as to entitle him to exercise it after the expiration of the second year on the ground that the lumber was not all sawed.

APPEAL IN CHANCERY. Heard on the pleadings, including defendant's cross bill for an accounting and a decree in his favor, and on the master's report and exceptions thereto, at the September Term, 1907, Franklin County, *Haselton,* Chancellor.

Motion to dismiss the cross bill overruled, and decree for defendant for $769.16, the balance found due him by the master, with interest and costs. The orator appealed.

The opinion states the substance of the contract of rental in question. The orator, under that contract, claimed the right to purchase the sawmill even after the expiration of two years from the date of the contract, and brought this suit for the specific performance of said contract, for an accounting in respect of alleged fraudulent representations of defendant in making said contract, and to enjoin defendant from prosecuting his action of book account for the accrued rent. The master found that, "The orator had every opportunity to inspect the property before and after the contract of April 13, and with full knowledge accepted the mill, engine, and boiler, under the contract of April 13, 1903."

*C. G. Austin & Sons* for the orator.

*William Batchelder* for the defendants.

The master's finding controls if there was any evidence in the case on which to base the finding, and to overturn his finding it must affirmatively appear, that there was no evidence, or that he was corrupt in his finding. *V. & C. R. R.* 34 Vt. 65; *McDaniels* v. *Harbour,* 43 Vt. 460; *Thrall* v. *Chittenden,* 31 Vt. 186; *Rowan* v. *State Bank,* 45 Vt. 160.

MUNSON, J. The controversy is concerning a steam sawmill which the defendant Chellis delivered and the orator accepted under a contract dated April 13, 1903. This contract required the orator to use the mill to saw not less than 500,000 feet of lumber in one year from date, and pay $375 for its use by the end of the year whether the lumber was sawed or not; and gave the orator the privilege of keeping the mill a second year on the same terms, and the further privilege of purchasing it for $1,000 at any time during the sawing of said lumber and having the payments for sawing applied on the price. The orator kept the mill through and beyond the second year, but paid nothing in either year. Soon after the close of the second year defendant Chellis sued the orator in book account for the

unpaid rent, but no proceedings were had in this suit.    The orator continued to keep and use the mill, and in September 1905 he made Chellis a tender under the provision for a purchase.    Chellis refused the tender and demanded a return. of the property.    This bill was then brought and the suit at law enjoined.    The bill charges fraudulent representations, and prays for an accounting and a specific performance of the agreement to sell.

The master reports that there was no fraud on the part of Chellis in making the contract; that the orator had every opportunity to inspect the property both before and after the contract was made, and accepted it with full knowledge of its condition; that the failure of the mill to do good work when first installed was not due to the faulty condition of the mill, but was due in part to the fact that it had not been accurately set up; that Chellis made no request for the return of the property until the time of the tender, but gave no expressed consent for its retention beyond the second year, and that he does not find that Chellis acquiesced in such retention unless his failure to demand a return of the property had that effect.    The exceptions taken to these findings are relied upon in argument.

If the affirmative finding that there was no fraud were to be rejected, the effect of the report would be the same.    The case would stand without an express finding of fraud, or a finding of facts amounting to fraud, and the burden as to this was on the orator.    But the orator's letter of August 27, written after the mill had been in use some weeks, in which he accounted for the small amount of sawing in various ways without making any complaint regarding the mill, and the fact that he made no complaint whatever regarding it until a year after it was received, were in themselves some evidence tending to support the finding that there was no fraud.    The facts that the property was seen at Claremont by the orator and one of his employees on separate visits made specially for that purpose, and that the orator made daily visits to his yard from the time the property was received on his siding until it was put together and in use, were sufficient to support the finding regarding the orator's opportunity and knowledge.    The finding regarding the cause of the failure of the mill to do good work at first is of minor importance and need not be treated in detail, but it is clear that

there were statements in the testimony of Merton and Cassius Bullis, and circumstances disclosed by other testimony, from which the master could draw this conclusion. Nor can we sustain the exception to the findings regarding acquiescence. It is insisted that the orator was entitled to a finding that his retention of the property for a third year was acquiesced in because the defendant said on the stand: "I was willing he should rent it as long as he wanted to, and am now, as long as he pays for it." It would be difficult to treat this as an admission of such an acquiescence as would amount to an extension of the contract, but, if capable of this construction, it was for the master to determine its meaning upon a consideration of it in connection with other evidence. There is no finding of an acquiescence unless the fact that the defendant did not demand a return of the property amounts to one. A failure to assert a right may be evidence of an acquiescence in a claim inconsistent with it, but does not in itself constitute acquiescence. Acquiescence is a fact, and if it is to be inferred from other facts the master must draw the inference.

It is claimed further that the course taken by Chellis in bringing an action of book account for the rent after the expiration of the second year was an election to allow the orator to retain the mill a third year, inasmuch as the action was one in which the rent could have been recovered down to the time of the hearing. It is found that Chellis supposed that an action in general assumpsit had been brought for the rent, and that damages could be recovered only until the date of the writ. But his demand in the book account action could have been limited to the two years' rent, and nothing was done in the suit that indicated a purpose to claim more. The suit itself was not an election, and nothing is found that gives it that effect.

It is also argued that the contract gave the orator the right to purchase at any time during the sawing of the lumber, and that the sawing was not completed when he tendered the purchase money. But the lumber referred to was that which the orator was required to saw during the first and second years respectively, and the time limited by this reference to the saw-ing must be held to have been the time which the contract allowed for doing the sawing. The orator's failure to perform

his agreement under the first clause could not of itself operate to enlarge his right under the second.

*Decrees affirmed and cause remanded.*